Case No. 11-12784-CC

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Darby Bank & Trust Co.,
Appellant,
v.
NORTH SAVANNAH PROPERTIES, LLC, *et al.*,
Appellee.

---

On Appeal from the United States District Court
For the Southern District of Georgia
The Honorable B. Advant Edenfield
Case No.: 4:10-CV-00297-BAE-GRS

---

BRIEF OF APPELLANT

Glen M. Darbyshire
Georgia Bar No. 205210
Kathleen Horne
Georgia Bar No. 367456
INGLESBY, FALLIGANT,
HORNE, COURINGTON &
CHISHOLM, P.C.
P.O. Box 1368
Savannah, GA  31401
(912) 232-7000
Email:  gdarbyshire@ifhlaw.com

COLLEEN J. BOLES
Assistant General Counsel
LAWERENCE H. RICHMOND
Senior Counsel
JEROME A. MADDEN
Counsel
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive, VS-D7004
Arlington, VA  22226-3500
Telephone:  (703) 562-2010
Facsimile:   (703) 562-2477
Email:  cboles@fdic.gov
Email:  lrichmond@fdic.gov
Email:  jemadden@fdic.gov

*Federal Deposit Insurance Corporation,*
*as Receiver for Darby Bank & Trust Co. v. North Savannah Properties, LLC et al.*

**U.S. Court of Appeals No. 11-12784-CC**

**Certificate of Interested Persons**

Judge James F. Bass (Judge in the Superior Court of Chatham County of Georgia)

Darby Bank & Trust Co. (Appellant)

Colleen J. Boles (Attorney for Appellant Federal Deposit Insurance Corporation)

Glen M. Darbyshire (Attorney for Appellant Federal Deposit Insurance Corporation)

Judge B. Avant Edenfield (Judge in United States District Court, Southern District of Georgia)

Federal Deposit Insurance Corporation (Appellant)

Michael Hambleton (Appellee)

Kathleen Horne (Attorney for Federal Deposit Insurance Corporation)

Jerome A. Madden (Attorney for Appellant Federal Deposit Insurance Corporation)

Ashleigh R. Madison (Attorney for Appellees North Savannah Properties, LLC, Michael Hambleton, and John Scott)

North Savannah Properties, LLC (Appellee)

Jason C. Pedigo (Attorney for Darby Bank & Trust Co.)

ii

R. Clay Ratterree (Attorney for Darby Bank & Trust Co.)

Lawerence H. Richmond (Attorney for Appellant Federal Deposit Insurance

Corporation)

Brent J. Savage (Attorney for Appellees North Savannah Properties, LLC, Michael

Hambleton, and John Scott)

Steven E. Scheer (Attorney for Appellees North Savannah Properties, LLC,

Michael Hambleton, and John Scott)

John Scott (Appellee)

## Corporate Disclosure Statement

The Federal Deposit Insurance Corporation ("FDIC") is mixed-ownership governmental corporation.  It was appointed as the receiver of Darby Bank & Trust Company on November 11, 2010, by the Superior Court of Toombs County, Georgia.

Dated:  August 8, 2011

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Circuit Rule 28-1, the FDIC requests oral argument. This case presents an issue of law that has not been addressed directly by this Court and resolution of that issue will affect numerous other cases.[1]

---

[1] This issue is also presented in *Federal Deposit Insurance Corporation v. Vision Bank*, Appeal No. 11-10989.

1

## **TABLE OF CONTENTS**

Certificate of Interested Persons and Corporate Disclosure Statement ........... ..ii

Statement Regarding Oral Argument ............................................................ ..1

Table of Contents ........................................................................................ ..2

Table of Citations........................................................................................ ..3

Statement of Jurisdiction ............................................................................. ..5

Statement of the Issue .................................................................................. ..6

Statement of the Case................................................................................... ..6

Summary of the Argument............................................................................ 10

Argument...................................................................................................... 11

      The District Court Had Jurisdiction Because The FDIC Was
      "Substituted as a Party" upon Filing in State Court the Order
       Appointing it Receiver for the Failed Bank.......................................... 11

Conclusion ................................................................................................... 19

Certificate of Compliance ............................................................................ 20

Certificate of Service ................................................................................... 21

# <u>TABLE OF CITATIONS</u>

## <u>Cases:</u>

*American Sav. & Loan Assoc. v. Hoss*, 716 F. Supp. 979 (S.D. Tex. 1989).... .16

*Buczkowski v. FDIC*, 415 F.3d 594 (7th Cir. 2005) ...........................……..12-17**

*Buczkowski v. Oliva*, 2004 WL 1595231 (N.D. Ill. July 25, 2004).................. .13

*Bank of Oklahoma v. Islands Marina*, 918 F.2d 1476 (10th Cir. 1990)........... .16

*Castleberry v. Goldome Credit Corp.*, 408 F.3d 773 (11th Cir. 2005)……...9, 17

*Chicago, Rock Island & Pac. R.R.Co. v. Stude*, 346 U.S. 574 (1954)…………17

*Estate of Harding v. Bell*, 817 F. Supp. 1186, 1193 (D.N.J. 1993) ................. .17

*FDIC v. S & I 85-I, Ltd.*, 22 F.3d 1070 (11th Cir. 1994)……………………9, 11

*Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995 (5th Cir. 1988)............... .16

*Jones v. St. Louis-San Francisco Railway Co.*,
    728 F.2d 257 (1984)................................................................. .13

*Lazuka v. FDIC*, 931 F.2d 1530 (11th Cir. 1991)…………………………11, 17

*Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555 (1963)............................... .18

*Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230 (9th Cir. 1995). .16

*Resolution Trust Corp. v. Fragetti*, 49 F.3d 715 (11th Cir. 1995) ................... .15

*Roper, et al. v. Colonial Bank, et al*. CV-2009-001306.00, Madison County
    Alabama Circuit Court (February 25, 2011)........................................... .18

*Securities Industry Assoc. v. Bd of Governors of the Fed. Res. Sys.*
    468 U.S. 137 (1984)………………………………………….....13-14

*Spring Garden Assocs., L.P. v. Resolution Trust Corp.*,
    26 F.3d 412 (3d Cir. 1994) ...................................................... .15

*Structural Sys., Inc. v. Sulfaro*, 687 F. Supp. 22, 23 (D. Mass. 1988) ............. 16

*Towns Real Estate & Appraisal Serv., Inc. v. RTC*,
     753 F. Supp. 914 (N.D. Ala. 1991) ....................................................... 16

## Statutes:

12 U.S.C. § 1291……………………………………………………………………….5

12 U.S.C. § 1441a……………………………………………………………….....11-12

12 U.S.C. § 1819(b)(2)(A)……………………………………………..…….5, 8

12 U.S.C. § 1819(b)(2)(B)………………………………………...5-6, 8-13, 15-18

12 U.S.C. § 1819(b)(2)(C)…………………………………………………….5, 11

12 U.S.C. § 1819(b)(2)(D)…………………………………………..…….8

12 U.S.C. § 1821(c)(3)(A)………………………………………………….…..7

12 U.S.C. § 1821(d)(2)(A)(i)………………………………………………….....16

28 U.S.C. § 1331 ............................................................................................... 5

28 U.S.C. § 1441 …………………………………………………………..8, 12

28 U.S.C. § 1446…………………………………………………………………11

28 U.S.C. § 1447 ............................................................................................ 11

105 Stat. 2286. ……………………………………………………………..12

## Other:

U.S. Const. art. VI, cl. 2.................................................................................. 17

Fed. R. App. P. 4(a)(1)(B)…………………………………………….........5

## <u>STATEMENT OF JURISDICTION</u>

Pursuant to 12 U.S.C. § 1819(b)(2)(C), the FDIC "may appeal any order of remand entered by any United States district court."  The Court has jurisdiction to review the final decision of the United States District Court for the Southern District of Georgia remanding a case removed by the FDIC from a Georgia state trial court.  28 U.S.C. § 1291.  The District Court had jurisdiction under 28 U.S.C. § 1331 (providing that district courts have jurisdiction of all civil actions arising under the laws of the United States) and 12 U.S.C. § 1819(b)(2)(A) (stating that all civil suits in which the FDIC is a party shall be deemed to arise under the laws of the United States, except in limited circumstances not applicable here).  The District Court entered its Order and Judgment of remand on May 11, 2011, and the FDIC filed a timely Notice of Appeal on June 16, 2011.  Fed. R. App. P. 4(a)(1)(B) (60 days for United States agency to file notice of appeal).

## STATEMENT OF THE ISSUE

The FDIC's removal statute, 12 U.S.C. Section 1819(b)(2)(B), provides that the FDIC may remove any action, suit or proceeding from a state court within ninety days of the date the FDIC is "substituted as a party." Here, by operation of law, the FDIC had stepped into the shoes of a failed bank that was a party in the state court suit. The FDIC formally notified the state court that it had replaced the failed bank by filing a notice of substitution that included the order appointing the FDIC as receiver. The FDIC then removed the case. The issue presented is: Did the District Court err in remanding the case because the FDIC was "substituted as a party" upon filing its notice of substitution and the District Court, therefore, had subject matter jurisdiction?

## STATEMENT OF THE CASE

### *The Lawsuit*

On October 21, 2010, North Savannah Properties, LLC, and two of its members/guarantors (collectively "North Savannah") filed this lawsuit in the Superior Court of Chatham County, Georgia, against Darby Bank & Trust Co. ("Darby Bank"). (R.1-Doc.1)(Complaint, attached as Exhibit "2" to FDIC's Notice of Removal). These Plaintiffs/Appellees allege that they obtained financing through Darby Bank for the development and sale of property known as Telfair Plantation in Jasper County, South Carolina, and that Darby Bank subsequently

6

failed to comply with an agreement among North Savannah investors not to sell certain "developer lots" and instead released some of those lots from its mortgage so that certain Darby Bank "insiders" could purchase them.  (Id.)(Complaint, ¶¶ 5, 10-11).      The Complaint seeks equitable relief to cancel the debt owed to Darby Bank. (Id.)(Complaint, ¶ 13). The Complaint also seeks actual and exemplary damages , plus attorney's fees and costs, based upon a claim that Darby Bank acted in bad faith. (Id.).

On November 12, 2010, the Georgia Department of Banking and Finance closed Darby Bank and appointed FDIC as its Receiver.  The FDIC accepted the appointment pursuant to 12 U.S.C. § 1821(c)(3)(A).   The Superior Court of Toombs County, Georgia, entered a Consent Order appointing FDIC as Receiver of Darby Bank on November 12, 2010. (R.1-Doc.1)(Consent Order, attached as Exhibit "2" to FDIC-Receiver's Notice of Removal).

### Removal to Federal Court

On December 21, 2010, FDIC, as Receiver of the business and property of Darby Bank ("FDIC-Receiver"), filed a Notice of Substitution and Appearance of Counsel in the Superior Court of Chatham County, attaching as an exhibit a copy of the Superior Court of Toombs County Consent Order appointing FDIC as Receiver of Darby Bank. (R.1-Doc.1, ¶7).  FDIC-Receiver then filed a Notice of Removal of this action to the United States District Court for the Southern District

7

of Georgia pursuant to the provisions of 28 U.S.C. §1441(federal question

jurisdiction for claims arising under the laws of the United States) and Section

1819 of the Financial Institutions Reform, Recovery, and Enforcement Act. 12

U.S.C. § 1819(b)(2)(A) (all suits of a civil nature in which FDIC is a party shall be

deemed to arise under the laws of the United States). (R.1-Doc.1, ¶¶4-6).

### Remand to State Court

On January 21, 2011, North Savannah filed a Motion to Remand,

challenging FDIC-Receiver's removal of this action on the ground that it falls

within the ambit of the "state law" exception to federal jurisdiction, codified at 12

U.S.C. § 1819(b)(2)(D).  (R.1-Doc.18).  Not until filing a reply brief in support of

the Motion to Remand (R.1-Doc.19) did North Savannah raise an argument that

FDIC-Receiver was not properly made a party to the State Court action by court

order prior to removal under 12 U.S.C. § 1819(b)(2)(B), which provides in relevant

part:

> [The FDIC] Corporation may, without bond or security, remove any
> action, suit, or proceeding from a State court to the appropriate United
> States district court before the end of the 90-day period beginning on
> the date the action, suit, or proceeding is filed against the Corporation
> or the Corporation is substituted as a party.

Although noting the inconsistency between North Savannah's respective

positions, the District Court granted the Motion to Remand on May 11, 2011,

holding that Rule 25(c) of the Federal Rules of Civil Procedure did not allow

FDIC-Receiver to be automatically substituted as a party in the case and, instead, a formal order of substitution must be entered in the State Court proceeding before FDIC-Receiver could remove this action to Federal Court under 12 U.S.C. § 1819(b)(2)(B).  (R.1-Doc.34)(Order granting Motion to Remand).  The District Court entered a judgment on the same day remanding this action to the Superior Court of Chatham County.  (R.1-Doc.35).

FDIC-Receiver filed its Notice of Appeal on June 16, 2011. (R.1-Doc.36).

## *Standard of Review*

This Court reviews a district court's interpretation of a statute de novo, *FDIC v. S & I 85-I, Ltd*., 22 F.3d 1070, 1071 (11th Cir. 1994), and federal law determines whether the exercise of removal jurisdiction was proper.  *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 783 (11th Cir. 2005).

## SUMMARY OF ARGUMENT

The FDIC's special removal statute, Section 1819(b)(2)(B), provides that the FDIC may remove any action within ninety days of the date the FDIC is "substituted as a party." The issue in this case is whether the FDIC was "substituted as a party" when it filed a paper—here a notice of substitution—formally notifying the state court of the FDIC's appointment as the failed bank's receiver, or whether, as the District Court held, the FDIC's removal right is contingent on the state court entering a formal order of substitution. The Court should reject the District Court's interpretation.

It is undisputed that under the removal statute applicable to the Resolution Trust Corporation ("RTC")—the FDIC's former sister agency—notice was enough to effect substitution. The District Court's sole basis for ruling that notice is insufficient to similarly free the FDIC from state procedural hurdles is that the FDIC's statute does not include the RTC statute's express notice language. But this Court has found that Congress wanted to afford the FDIC every possibility of having a federal forum and that state procedural provisions cannot control the FDIC's removal privilege. And the Seventh Circuit has expressly found that the RTC/FDIC statutory difference the District Court relied on is immaterial, emphasizing that Congress adopted the FDIC's statute only a week after the RTC's

10

and intended it to confer removal rights consistent with the RTC's. The District Court, which did not address the Seventh Circuit's persuasive analysis, offers no reason why the FDIC's removal right should be committed to the discretion of state courts.

## ARGUMENT

I.   **THE DISTRICT COURT HAD JURISDICTION BECAUSE THE FDIC WAS "SUBSTITUTED AS A PARTY" UPON FILING IN STATE COURT THE ORDER APPOINTING IT RECEIVER FOR THE FAILED BANK.**

There is no dispute that under section 1819(b)(2)(B), the FDIC is permitted to remove a case from state court within ninety days of when it "is substituted as a party."[2]  The dispute here is whether the FDIC "is substituted" for purposes of Section 1819(b)(2)(B) upon formally notifying the state court of its appointment as receiver for the failed depository institution or whether the FDIC must wait for the state court to grant permission for the FDIC to be substituted.

---

[2]   The general removal statutes, 28 U.S.C. §§ 1441, 1446, 1447, apply to the FDIC *only* to the extent that they do not conflict with the FDIC's special removal statute, 12 U.S.C. § 1819(b)(2)(B)-(C). *Lazuka v. FDIC*, 931 F.2d 1530, 1536 (11th Cir. 1991) ("the . . . removal provisions located at 12 U.S.C. § 1819 should be viewed as specific exceptions from the relevant provisions of general removal procedure, located at 28 U.S.C. §§ 1441, 1446, 1447"); *FDIC v. S & I 85-I, Ltd*., 22 F.3d 1070, 1073 (11th Cir. 1994) ("*Lazuka* counsels that, unless § 1819 provides for a specific exception, general removal *procedure* applies to FDIC") (citing *Lazuka*, 931 F.2d at 1536).

Although the FDIC's special removal statute does not define what "substituted as a party" means, what Congress intended is easy to discern in this case. Section 1819(b)(2)(B), the FDIC's removal statute, was enacted—in a technical corrections bill—just one week after Congress had enacted 12 U.S.C. § 1441a(*l*)(3)(A)(i), the removal statute for the FDIC's sister agency the Resolution Trust Corporation ("RTC"). That amending provision was titled "FDIC Removal Period Made Consistent with RTC Removal Period."[3] Aside from the exception that the RTC statute contained a definition of "substituted as a party" that the FDIC statute did not, the FDIC's and RTC's removal statutes were identical. The RTC statute specifically defined "substituted as a party" as occurring "upon the filing [in state court] of a copy of the order appointing the [RTC] as . . . receiver for such party."[4]

Given this background, the most natural and logical way for this Court to interpret "substituted as a party" as used in the FDIC's removal statute is to give it the same meaning Congress gave the identical phrase in the RTC's removal statute. That is exactly how the Seventh Circuit interpreted the FDIC's removal statute in *Buczkowski v. FDIC*,[5] where Judge Easterbrook had no difficulty rejecting the notion that Congress meant to create divergent removal rights for the two sister

---

[3] 105 Stat. 2286.
[4] 12 U.S.C. § 1441a(*l*)(3)(B).
[5] 415 F.3d 594, 597 (7th Cir. 2005).

agencies:    "[R]eading these texts differently just because § 1819 lacks some elaboration that appears in § 1441a would double-cross the legislature unless there is a reason to think that the two statutes serve different ends."  Judge Easterbrook further elaborated that "the events that gave § 1819(b)(2)(B) its current form confirm the statute's most natural reading."  *Id.*

The Seventh Circuit's analysis was not some mere academic exercise.  In *Buczkowski*, the FDIC filed its petition to intervene and notice of removal on the same day.[6]  There, as here, the FDIC did not wait until the state court ruled upon its petition.[7]  The Seventh Circuit agreed with the FDIC that "substitution" occurs upon giving notice and providing the appointment order to the state court because that is what the Court had to find in order to reach the result it did.[8]

The passage of related statutes at the same time evidences an intent, absent some evidence to the contrary, that operative terms defined in one statute have the same meaning in the related statutes.[9]  In *Sec. Indus. Assoc. v. Bd. of Governors of the Fed. Res. Sys*, the Supreme Court addressed the issue of whether the words

---

[6]  415 F.3d at 594.

[7]  *Buczkowski v. Oliva*, 2004 WL 1595231 *2 (N.D. Ill. July 15, 2004), *reversed on appeal*, 415 F.3d 594 (7th Cir. 2005).

[8]  *Id.* at 597.

[9]  *Securities Industry Assoc. v. Bd. of Governors of the Fed. Res. Sys*, 468 U.S. 137 (1984); *Jones v. St. Louis-San Francisco Railway Co*., 728 F.2d 257, 262 (1984) ("[W]e are mindful that where two or more statutes deal with the same subject, they are to be read in *pari materia* and harmonized, if possible . . . [and that] [t]his rule applies with greater strength when the two statutes at issue were enacted by the same legislative body, at the same time").

"note" or "security" as used in the Glass-Steagal Act included commercial paper.[10]

Although Glass-Steagall did not include a definition of "note" or "security," the Court looked to other legislation enacted at the same time that, like the Glass-Steagall Act which separated commercial from investment banking, also was intended to restore public confidence in financial markets:[11]

> There is . . . considerable evidence to indicate that the ordinary meaning of the terms "security" and "note" as used by the 1933 Congress encompasses commercial paper. Congress enacted the Glass-Steagall Act as one of several pieces of legislation collectively designed to restore public confidence in financial markets. *See* the Banking Act of 1933, ch. 89, 48 Stat. 162 . . . the Securities Act of 1933, 48 Stat. 74 . . . the Securities Exchange Act of 1934, 48 Stat. 881 . . . and the Public Utility Holding Company Act of 1935, 49 Stat. 803. . . . In each of these other statutes, the definition of the term "security" includes commercial paper, and each statute contains explicit exceptions where Congress meant for the provisions of an Act not to apply to commercial paper.

Here the relationship between "substituted as a party" included in both the RTC's removal statute and the FDIC's statute is much closer because both statutes address the exact subject – not related subjects – as was the case in *Securities Indus. Assoc*. Moreover, here, the statutes were enacted on successive days – not over a period of several years. The Seventh Circuit in *Buczkowski* applied, without citing, the approach used by the Supreme Court in *Securities Indus. Assoc*.

---

[10]  468 U.S. at 149-50.
[11]  *Id*. at 150.

Adopting *Buczkowski's* interpretation of Section 1819(b)(2)(B) would be consistent with the way this Court interpreted the identical removal statute of the RTC in *Resolution Trust Corp. v. Fragetti*.[12]    There, the Court held that removal was proper where the RTC simultaneously filed a notice of substitution and a notice of removal:

> We find the 1991 amendment is clear and unambiguous about when substitution is deemed to have occurred.  In the amendment, Congress specified in plain English that the removal period begins when a document is filed that tells the state court that the RTC has been appointed as receiver or conservator.  In these cases, the RTC attached the orders of appointment as receiver for Carteret and as conservator for Carteret Federal to each of its notices of substitution.  The RTC then filed notices of removal in each case the same day that it filed those orders of appointment with the state court.    Therefore, under the statute's unambiguous language, removal was timely in each case.  Indeed, it could not have been more timely.

*Id.* at 717.[13]

That the *Buczkowski* interpretation of Section  1819(b)(2)(B) is the right one finds further support in the fact that even before the 1991 amendment clarified that "substitute" means providing notice to the state court that the FDIC or RTC had

---

[12]  49 F.3d 715 (11th Cir. 1995).

[13]  *See also Spring Garden Assocs., L.P. v. Resolution Trust Corp.*, 26 F.3d 412 (3d Cir. 1994) (RTC filed notice of substitution followed two days later by a notice of removal).

been appointed receiver, several circuits had previously held to that effect.[14]  Thus, the Ninth Circuit noted that "[a]rguably, the amendment is not even a change in the law or a new rule.  Prior to the amendment, courts had found that the RTC, as a successor in interest and like its predecessors the FDIC and FSLIC, need not be formally substituted to remove an action to federal district court."[15]

Interpreting "substituted as a party" to require only notice to the state court is also consistent with black letter federal statutory law.  The FDIC succeeds to all of the rights, titles, powers, and privileges of a bank at the moment it is placed into receivership by the chartering authority under 12 U.S.C. § 1821(d)(2)(A)(i).  As succinctly stated in *Buczkowski*, at the moment of receivership, the bank

---

[14]  *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1235 n.2 (9th Cir. 1995) (citing *Bank of Oklahoma v. Islands Marina*, 918 F.2d 1476, 1479 (10th Cir. 1990) (FSLIC) ("The majority of courts addressing this issue have rejected the argument that a receiver must formally intervene prior to removing the case . . ."));  *Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988) (FSLIC) (concluding that even though FSLIC was not named as the receiver for the failed thrift, the thrift was in receivership and could remove even though not formally joined as a party); *Structural Sys., Inc. v. Sulfaro*, 687 F. Supp. 22, 23 (D. Mass. 1988) (FDIC) ("While formal intervention or substitution of the FDIC prior to the petition for removal is desirable, it is not necessary to support jurisdiction . . . .");  *Towns Real Estate & Appraisal Serv., Inc. v. RTC*, 753 F. Supp. 914 (N.D. Ala. 1991) (RTC/FSLIC) (". . . requiring the formal joinder of FSLIC before FSLIC could remove a case would render the pleading process excessively technical . . . Thus*, **FSLIC's plea in intervention was not a necessary predicate before it could be considered a party to the state court litigation.**" (emphasis original) (quoting *American Sav. & Loan Assoc. of Brazoria County v. Hoss*, 716 F. Supp. 979 (S.D. Tex. 1989)).

[15]  *Bayside Developers,* 43 F.3d at 1235 n.2.

"vanishe[s] in a puff of smoke."[16] 415 F.3d at 597. There is just such a "puff of smoke" when the OCC closes a bank and appoints the FDIC as its receiver, because OCC examiners physically retrieve the charter issued to the bank by the OCC when the bank began operating as a national bank.

Because the bank no longer exists and FDIC has been appointed its receiver, as a matter of federal law there are no circumstances under which a state court could prohibit the FDIC from being "substituted as a party" that would not violate the Supremacy Clause of the Constitution.[17] Removal should not depend upon the application of state court rules, as this Court observed in *Castleberry*, 408 F.3d at 783. There, the plaintiffs argued that the cross-claim against the FDIC that formed the basis of the FDIC's removal was not a properly filed "action" within the meaning of Section 1819(b)(2)(B) because it was not in accordance with the Alabama Rules of Civil Procedure. *Id.* at 783. The Court rejected that argument:

> The Castleberrys' argument, however, ignores the fact that federal law determines whether the exercise of removal jurisdiction was proper, irrespective of state law procedural violations. *See Chicago, Rock Island & Pac. R.R. Co. v. Stude*, 346 U.S. 574, 580 [](1954) (noting that state "procedural provisions cannot control the privilege of removal granted by the federal statute"). In crafting the removal right in § 1819, "Congress used very strong language to afford the FDIC every possibility of having a federal forum," *Lazuka*, 931 F.2d at 1535, and state procedural law cannot be invoked to frustrate the unambiguous intent of federal legislation, *see* U.S. CONST. art. VI, cl. 2.

---

[16] *See also Estate of Harding v. Bell*, 817 F. Supp. 1186, 1193 (D.N.J. 1993).

[17] U.S. Const. art. VI, cl. 2; *see Castleberry*, 408 F.3d at 783.

*Id.*

The mischief that would be created by permitting a state court's procedural rules to govern whether or not the FDIC could remove a case under Section 1819(b)(2)(B) is illustrated by an Order entered by the Circuit Court of Madison County, Alabama in *Roper, et. al. v. Colonial Bank, et al*.[18] There, without explanation, the state court simply denied the FDIC's motion to substitute.  The result of the denial is that the state court is proceeding to litigate a case against an entity that simply does not exist as a matter of black letter federal law.   This cannot be what Congress envisioned.  Courts should think twice before giving a statute a reading that renders it inapplicable to the kinds of cases for which it was designed.[19]

---

[18]   Exhibit A.
[19]   *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 560 (1963)

## **CONCLUSION**

For these reasons, the Order and Judgment of the District Court entered on May 11, 2011, remanding this action to the Superior Court of Chatham County, Georgia, should be reversed.

<div style="margin-left:45%">

Respectfully submitted,

COLLEEN J. BOLES
Assistant General Counsel
LAWRENCE H. RICHMOND
Senior Counsel
_____

JEROME A. MADDEN
3501 Fairfax Drive, VS-D7004
Arlington, VA 22226-3500
(703) 562-2010

*Counsel for the Federal Deposit Insurance*
*Corporation as Receiver of the business*
*and Property of Darby Bank & Trust Co.*

</div>

Date:   August 8, 2011

OF COUNSEL:
_____
Glen M. Darbyshire
Ga. Bar No. 205210
Kathleen Horne
Ga. Bar No. 367456
INGLESBY, FALLIGANT,
HORNE, COURINGTON &
CHISHOLM, P.C.
P.O. Box 1368
Savannah, GA  31401
(912) 232-7000

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

1.    This brief contains 4448 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)B(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type styles requirements of Fed. R. App. P. 32(a)(6) because:

1.    This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

_____

Glen M. Darbyshire
Ga. Bar No. 205210
*Attorney for Appellant, Federal
Insurance Deposit Corporation, as
Receiver for Darby Bank & Trust Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of August, 2011, copies of the foregoing Brief of Appellant have been served by first-class United States Mail, postage prepaid and properly addressed, upon the following:

Brent J. Savage
Ashleigh R. Madison
Brent J. Savage, Jr.
Savage, Turner, Kraeuter,
Pinckney, Britt & Madison
304 East Bay Street
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140

Steven E. Scheer
Steven E. Scheer, PC
8 Liberty Street
P.O. Box 11047
Savannah, Georgia 31412

R. Clay Ratterree
Jason C. Pedigo
Ellis, Painter, Ratteree &
Adams LLP
Post Office Box 9946
Savannah, Georgia 31412
(912) 233-9700

This 8th day of August, 2011.

_____
Glen M. Darbyshire
Ga. Bar No. 205210

INGLESBY, FALLIGANT,
HORNE, COURINGTON &
CHISHOLM, P.C.
P.O. Box 1368
Savannah, GA  31401
(912) 232-7000