Case No. 11-12784-CC

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Darby Bank & Trust Co.,
Appellant,
v.
NORTH SAVANNAH PROPERTIES, LLC, *et al.*,
Appellee.

---

On Appeal from the United States District Court
For the Southern District of Georgia
The Honorable B. Advant Edenfield
Case No.: 4:10-CV-00297-BAE-GRS

---

REPLY BRIEF OF APPELLANT

Glen M. Darbyshire
Georgia Bar No. 205210
Kathleen Horne
Georgia Bar No. 367456
INGLESBY, FALLIGANT,
HORNE, COURINGTON &
CHISHOLM, P.C.
P.O. Box 1368
Savannah, GA 31401
(912) 232-7000
Email: gdarbyshire@ifhlaw.com

COLLEEN J. BOLES
Assistant General Counsel
LAWERENCE H. RICHMOND
Senior Counsel
JEROME A. MADDEN
Counsel
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive, VS-D7004
Arlington, VA 22226-3500
Telephone: (703) 562-2010
Facsimile: (703) 562-2477
Email: cboles@fdic.gov
Email: lrichmond@fdic.gov
Email: jemadden@fdic.gov

*Federal Deposit Insurance Corporation,*
*as Receiver for Darby Bank & Trust Company*

U.S. Court of Appeals No. 11-12784—CC

**<u>Certificate of Interested Persons</u>**

Judge James F. Bass (Judge in the Superior Court of Chatham County of Georgia)

Darby Bank & Trust Co. (Appellant)

Colleen J. Boles (Attorney for Appellant Federal Deposit Insurance Corporation)

Glen M. Darbyshire (Attorney for Appellant Federal Deposit Insurance Corporation)

Judge B. Avant Edenfield (Judge in United States District Court, Southern District of Georgia)

Federal Deposit Insurance Corporation (Appellant)

Michael Hambleton (Appellee)

Kathleen Horne (Attorney for Federal Deposit Insurance Corporation)

Jerome A. Madden (Attorney for Appellant Federal Deposit Insurance Corporation)

Ashleigh R. Madison (Attorney for Appellees North Savannah Properties, LLC, Michael Hambleton, and John Scott)

North Savannah Properties, LLC (Appellee)

Jason C. Pedigo (Attorney for Darby Bank & Trust Co.)

R. Clay Ratterree (Attorney for Darby Bank & Trust Co.)

Lawerence H. Richmond (Attorney for Appellant Federal Deposit Insurance Corporation)

Brent J. Savage (Attorney for Appellees North Savannah Properties, LLC, Michael Hambleton, and John Scott)

Steven E. Scheer (Attorney for Appellees North Savannah Properties, LLC, Michael Hambleton, and John Scott)

John Scott (Appellee)

## Corporate Disclosure Statement

The Federal Deposit Insurance Corporation ("FDIC") is mixed-ownership governmental corporation.  It was appointed as the receiver of Darby Bank & Trust Company on November 11, 2010, by the Superior Court of Toombs County, Georgia.

Dated:  September 23, 2011

# TABLE OF CONTENTS

**Page(s)**

Certificate of Interested Persons ...............................................................i

Corporate Disclosure Statement .......................................................... iii

Table of Contents ..............................................................................iv

Table of Citations...............................................................................v

Introduction .......................................................................................1

Argument............................................................................................3

    A. FDIC's Failure to Include a Copy of Its Notice of Substitution in the
       Removal Pleadings Filed in the District Court Does Not Preclude the
       Court of Appeals from Addressing the Substantive Issue Presented in
       this Appeal .....................................................................................3

    B. North Savannah Provides No Basis for Rejecting the Seventh
       Circuit's Persuasive Analysis in *Buczkowski* ...................................5

    C. North Savannah's Reliance Upon Fed. R. Civ. P. 25(c) Is Misplaced..........11

Conclusion .......................................................................................14

Certificate of Compliance ...................................................................15

Certificate of Service .........................................................................16

# TABLE OF CITATIONS

## CASES

**Page(s)**

*American Sav. & Loan Assoc. of Brazoria County v. Hoss*,
    716 F. Supp. 979 (S.D. Tex. 1989)...............................................8

*Bank of Oklahoma v. Islands Marina*,
    918 F.2d 1476 (10th Cir. 1990) ....................................................7

*Buczkowski v. FDIC*,
    415 F.3d 594 (7th Cir. 2005)................................................. *passim*

*Casey v. FDIC*,
    583 F.3d 586 (8th Cir. 2009) ........................................................10

*Castleberry v. Goldome Credit Corp.*,
    408 F.3d 773 (11th Cir. 2005) .............................................10, 12

*Cook v. Randolph County*,
    573 F.3d 1143 (11th Cir. 2009) ....................................................4

*Diaz v. McAllen State Bank*,
    975 F.2d 1145 (5th Cir. 1992) ......................................................7

*Espinoza-Gutierrez v. Smith*,
    94 F.3d 1270 (9th Cir. 1996) ........................................................8

*Farina v. Mission Investment Trust*,
    615 F.2d 1068 (5th Cir. 1980) ....................................................12

*FDIC v. Brooks*,
    652 F. Supp. 744 (N.D. Tex. 1985) ..............................................7

*FDIC v. Crowe*,
    652 F. Supp. 740 (N.D. Tex. 1984) ..............................................7

# TABLE OF CITATIONS (Cont'd)

*FDIC v. Loyd,*
955 F.2d 316 (5th Cir. 1992) .......................................................7, 9

*FDIC v. Patton Cotton Co.,*
652 F. Supp. 742 (N.D. Tex. 1984) ................................................7

*Gilmor v. Preferred Credit Corp.,*
2010 WL 1693034 (W.D. Mo. April 27, 2010) ...........................10

*Heaton v. Monogram Credit Card Bank of Georgia,*
297 F.3d 416 (5th Cir. 2002) .......................................................12

*Henry v. Independent Am. Sav. Ass'n,*
857 F.2d 995 (5th Cir. 1988) ........................................................7

*Kirkbride v. Continental Casualty Co.,*
933 F.2d 729 (9th Cir. 1991) ........................................................7

*Lazuka v. FDIC,*
931 F.2d 1530 (11th Cir. 1991) ....................................................7

*Learning Annex Holdings, LLC v. Rich Global, LLC,*
2011 WL 3423927 (S.D.N.Y. 2011) ............................................11

*Resolution Trust Corp. v. Bayside Developers,*
43 F.3d 1230 (9th Cir. 1995) ........................................................7

*RTC v. Fragetti,*
49 F.3d 715 (11th Cir. 1995) ......................................................10

*Russello v. United States,*
464 U.S. 16 (1983)..........................................................................8

*Securities Industry Assoc. v. Bd. of Governors of the Fed. Res. Sys.,*
468 U.S. 137 (1984)........................................................................9

*Structural Sys., Inc. v. Sulfaro,*
687 F. Supp. 22 (D. Mass. 1988)....................................................8

## TABLE OF CITATIONS (Cont'd)

*Towns Real Estate & Appraisal Serv., Inc. v. RTC*,
     753 F. Supp. 914 (N.D. Ala. 1991) .................................................................8

*United States v. Griffith*,
     455 F.3d 1339 (2006) .......................................................................................8

*Virgo v. Riviera Beach Associates, LTD.*,
     30 F.3d 1350 (11th Cir. 1994) .....................................................................11

*Woburn Five Cents Savings Bank v. Hicks*,
     930 F.2d 965 (1st Cir. 1991) .........................................................................7

*Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*,
     365 F.3d 1244 (11th Cir. 2004) ....................................................................4

## **STATUTES**

12 U.S.C. § 1441a(l)(3)(A)(i) .............................................................................5, 6

12 U.S.C. § 1441a(l)(3)(B) ....................................................................................10

12 U.S.C. § 1819(b)(2)(B) .....................................................................................6, 9

12 U.S.C. § 1821(d)(2)(A) .....................................................................................11

12 U.S.C. § 1821(d)(2)(B) .....................................................................................11

28 U.S.C. § 1447(c) ..................................................................................................4

105 Stat. 2286 ..........................................................................................................9

124 Stat. 1376 ......................................................................................................1, 5

## **RULES**

Fed. R. Civ. P.  25(a)(1) ....................................................................................12, 13

Fed. R. Civ. P. 25(c) .........................................................................................1, 3, 11, 12

## Introduction

North Savannah makes four arguments:  (1) the FDIC failed to file a  copy

of its notice of removal with the District Court; (2) the FDIC's reliance upon

*Buczkowski v. FDIC*, 415 F.3d 594, 596-97 (7th Cir. 2005) is misplaced because the

Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank

Act"), Pub. L. 111-203, 124 Stat. 1376 (July 21, 2010) repealed the related

Resolution Trust Corporation ("RTC") removal statute; (3) *Buczkowski* violates the

canon of statutory construction that where Congress includes particular language in

one section of a statute but omits it in another section of the same act it is

presumed to have done so purposefully; and (4) federal law controls what

"substituted as a party" means and the most analogous federal law is Fed. R. Civ.

P. 25(c), dealing with transfers of interest, which requires a motion to the court to

be made a party.  None of these arguments provide any basis for remanding the

case to state court.

***First***, any failure of the Federal Deposit Insurance Corporation ("FDIC") to

follow the correct removal procedure was a procedural flaw that North Savannah

was required to raise within thirty days of removal.  Because it failed to do so that

argument has been waived.  Moreover, any failure to include a copy of the notice

of substitution in the removal pleadings filed in federal court is an amendable

defect and should not preclude a ruling on the merits of the present appeal.  And in

any event, there can be no dispute that in fact a notice of substitution was filed in the state court in this case containing a copy of the previous court order appointing FDIC the receiver for Darby Bank & Trust ("Darby Bank").

*Second*, the fact that Congress repealed statutes applicable to a government corporation, the RTC, that was sunsetted fifteen years ago, is wholly irrelevant to the analysis of the Seventh Circuit in *Buczkowski*.

*Third*, Congress amended both the FDIC and RTC removal statutes at the same time and made them identical by including the provision that the corporations could remove a case from state court to federal district court within ninety days of being "substituted as a party." While Congress defined what "substituted as a party" meant in the RTC statute but not in the FDIC's removal statute, *Buczkowski* concluded that, absent some evidence that Congress intended the phrase to be interpreted differently in the FDIC statute, it should be interpreted in a manner consistent with the definition in the RTC statute. The cases cited by North Savannah are inapposite because, unlike the statutes addressed in those cases, here, the two statutes are identical. The only difference between the statutes is that one defines a phrase used in both—substituted as a party—and the other does not. The canons of statutory construction hold that when Congress uses the same phrase in two related statutes enacted at about the same time and defines that phrase in one statute but not the other, the phrase should be interpreted the same way in both.

2

*Fourth*, Fed. R. Civ. P. 25(c) is not applicable to a situation where a bank ceases to exist at the moment it is placed into receivership.  Rule 25(c) deals with a situation in which one party sells or transfers its interest in the claim to another party.

## Argument

**A.**    **FDIC's Failure to Include a Copy of Its Notice of Substitution in the Removal Pleadings Filed in the District Court Does Not Preclude the Court of Appeals from Addressing the Substantive Issue Presented in this Appeal.**

North Savannah does not assert that it was not served with the FDIC's Notice of Substitution and Entry of Appearance of Counsel, which was filed in the Superior Court of Chatham County on December 10, 2010, shortly before FDIC's Notice of Removal was filed in the District Court on the same day. That notice of substitution included as an attached exhibit a copy of the Order previously entered on November 12, 2010 by the Superior Court of Toombs County appointing FDIC as receiver for Darby Bank & Trust Co.  The notice of substitution was inadvertently not included among the pleadings copied from the state court docket and filed in the District Court as Exhibit "2" to FDIC's Notice of Removal (although a copy of the Toombs County court order was separately attached to the Notice of Removal as Exhibit "1").

North Savannah now argues for the first time that because the FDIC failed to include a copy of its notice of substitution filed in state court along with its notice

3

of removal filed in federal court, the District Court lacked subject matter jurisdiction. As noted, however, the FDIC removed the case from state court to the District Court on December 21, 2010. At no time while the case was pending before the District Court after removal and before remand on May 11, 2011 did North Savannah raise this procedural issue.

Not including a copy of the notice of substitution among the copies of the pleadings previously filed in state court is a procedural defect that North Savannah was required to assert within thirty days of the time the case was removed. North Savannah's failure to make this argument in its motion to remand or in any other pleading filed within thirty days of the removal precludes it from raising this issue now.[1] There can be no argument that this is a procedural rather than a jurisdictional defect. This Court has made it clear that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect."[2] This defect would therefore have been curable if North Savannah had filed a motion to remand on that ground. And finally, as shown in the attachment to this reply brief, there can in any event be no dispute that FDIC in fact filed a Notice of Substitution in the Superior Court of

---

[1] *E.g.*, *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (procedural defects associated with removal must be raised within the thirty-day period allotted under 28 U.S.C. § 1447(c)).

[2] *Cook v. Randolph County*, 573 F.3d 1143, 1150 (11th Cir. 2009).

Chatham County to which was attached a copy of the Order entered by the Superior Court of Toombs County appointing FDIC as the receiver for Darby Bank & Trust Co. The filing of that notice to the state court and all parties in the Chatham County action is all that was required to entitle FDIC to remove this action to federal court and it did not need to wait for the state court to enter a formal order substituting FDIC as a party in the action.

**B.    North Savannah Provides No Basis for Rejecting the Seventh Circuit's Persuasive Analysis in *Buczkowski***

North Savannah argues that the FDIC's reliance upon Judge Easterbrook's opinion in *Buczkowski v. FDIC* is misplaced because: (1) the Dodd Frank Act (Sec. 364(b)) repealed statutes related to the now defunct RTC, including the definition of "substituted as a party" in 12 U.S.C. § 1441a(l)(3)(A)(i); and (2) it is contrary to the canon of statutory construction that where Congress includes particular language in one section of a statute but omits it in another section in a related statute it must be presumed that Congress intended to do so.

The fact that Congress recently repealed RTC statutory provisions is irrelevant. What is relevant is that in 1991 Congress—within the same week— amended the FDIC's removal statute with the express purpose of making it identical (for purposes relevant here) to the RTC's removal statute, *i.e.*, both statutes were amended to state that the FDIC and RTC may remove a case within ninety days of being "substituted as a party." The only difference is that the

amendment to RTC's removal statute went on to define the phrase "substituted as a party" while the amendment to the FDIC's removal statute (although it added the phrase "substituted as a party") did not include a definition of "substituted as a party."

North Savannah makes here exactly the argument the Seventh Circuit rejected. Thus, North Savannah would have the Court conclude that Congress intended that "substituted as a party" be interpreted differently merely because the RTC's amendment included a definition of "substituted as a party" and the FDIC's did not. This argument makes a mockery of the legislative process and would to do exactly what the Seventh Circuit in *Buczkowski* refused to do, namely "double-cross the legislature." *Id*. at 597. As the court of appeals put it:[3]

> As amended, § 1819(b)(2)(B) is identical to § 1441a(l)(3)(A)(i), and reading these texts differently just because § 1819 lacks some elaboration that appears in § 1441a would double-cross the legislature unless there is some reason to think that the two statutes serve different ends. . . Our point . . . is that the events that gave § 1819(b)(2)(B) its current form confirm the statute's most natural reading.

The question raised in *Buczkowski* was whether the amendment to the FDIC's and RTC's removal statutes were intended to "serve different ends."[4] The Seventh Circuit's simple answer was: No. Indeed, the amendments to both

---

[3] *Id.*

[4] *Buczkowski*, 415 F.3d at 597.

removal statutes refuted a number of circuit court opinions in 1991 that had

concluded that the removal clock began to run from the time the FDIC or RTC

was appointed the receiver for a closed bank—not from the time they were

substituted as a party in the state court proceeding.[5] The 1991 amendments

adopted the holdings of other courts that had held that the removal time starts

when the federal receiver is substituted as a party in state court.[6]

Moreover, in 1991, the majority rule was that a federal receiver was

substituted as a party upon making an appearance in the state case and could

remove without waiting for the state court to rule upon a motion making the

federal receiver a party.[7] Accordingly, at the time Congress amended the FDIC's

---

[5]   *See Buczkowski*, 415 F.3d at 595-96 (citing *Woburn Five Cents Savings Bank v. Hicks*, 930 F.2d 965, 968-71 (1st Cir. 1991) and *Lazuka v. FDIC*, 931 F.2d 1530, 1537 (11th Cir. 1991)).

[6]   *Kirkbride v. Continental Casualty Co.,* 933 F.2d 729, 733 (9th Cir. 1991) (rejecting contention that removal period begins to run upon appointment of receiver); *FDIC v. Brooks*, 652 F. Supp. 744, 745 (N.D. Tex. 1985) (concluding that thirty day clock does not begin to run until the FDIC formally intervenes or is joined in a state court action); *FDIC v. Patton Cotton Co.*, 652 F. Supp. 742, 743 (N.D. Tex. 1984) (same); *FDIC v. Crowe*, 652 F. Supp. 740, 742 (N.D. Tex. 1984) (same).  Two Fifth Circuit cases reached this conclusion in considering the pre-1991 amendments to the removal statutes. *FDIC v. Loyd*, 955 F.2d 316, 327 (5th Cir. 1992); *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1147-48 (5th Cir. 1992).

[7]   *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1235 n.2 (9th Cir. 1995) (citing *Bank of Oklahoma v. Islands Marina*, 918 F.2d 1476, 1479 (10th Cir. 1990) (FSLIC) ("The majority of courts addressing this issue have rejected the argument that a receiver must formally intervene prior to removing the case . . . .")); *Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988)

7

removal statute it presumably intended that "substituted as a party" would be interpreted in a manner consistent with the existing majority rule.[8]   Any doubt about that presumption was removed by the RTC amendment's inclusion of the definition of "substituted as a party" that codified the rule in those cases.

Given the reasons for the amendments—which North Savannah simply ignores—the argument that the FDIC must wait for a state court to grant a motion making it a party before it can remove but the RTC—with the identical statute except for the inclusion of the definition of "substituted as a party"—could remove just by filing the receivership appointment papers makes no sense at all.

North Savannah's statutory construction argument is inapplicable in this situation.  This is not a situation—as was the case in *Russello v. United States*, 464 U.S. 16, 23 (1983), and *United States v. Griffith*, 455 F.3d 1339 (2006), both cited by North Savannah—where Congress used particular language in one section of a

_____

(FSLIC) (concluding that even though FSLIC was not named as the receiver for the failed thrift, the thrift was in receivership and could remove even though not formally joined as a party); *Structural Sys., Inc. v. Sulfaro*, 687 F. Supp. 22, 23 (D. Mass. 1988) (FDIC) ("While formal intervention or substitution of the FDIC prior to the petition for removal is desirable, it is not necessary to support jurisdiction . . . ."); *Towns Real Estate & Appraisal Serv., Inc. v. RTC*, 753 F. Supp. 914, 915 (N.D. Ala. 1991) (RTC/FSLIC) ("requiring the formal joinder of FSLIC before FSLIC could remove a case would render the pleading process excessively technical . . . Thus*, **FSLIC's plea in intervention was not a necessary predicate before it could be considered a party to the state court litigation.***" (emphasis in original) (quoting *American Sav. & Loan Assoc. of Brazoria County v. Hoss*, 716 F. Supp. 979 (S.D. Tex. 1989)); FDIC Br. at 16 n.14.

[8]  *Espinoza-Gutierrez v. Smith*, 94 F.3d 1270, 1275 (9th Cir. 1996).

statute but omitted it from another section of the same act.  Rather, here, Congress used *exactly* the same language—substituted as a party—in two related statutes enacted within one week of each other and cross-referencing each other.[9]  North Savannah has no answer to FDIC-Receiver's opening brief's argument that the passage of related statutes at the same time evidences an intent, absent some evidence to the contrary, that operative terms defined in one statute have the same meaning in related statutes.[10]

In addition, North Savannah's reliance upon *FDIC v. Loy*d, 955 F.2d 316, 324 (5th Cir. 1992), does not support its argument.  The Fifth Circuit did not even address the 1991 amendments to the FDIC's and RTC's removal statutes.[11]

Lastly, North Savannah offers several district court cases and one circuit court decision that it claims support its position.  NS Br. at 17.  Strangely, one of the cases it cites is *Buczkowski* even though it is abundantly clear that *Buczkowski* rejects North Savannah's position.  The more persuasive district court case on this

---

[9] *Buczkowski*, 415 F.3d 597 (observing that section 1819(b)(2)(B) was amended as a "technical corrections" bill one week after Congress amended the RTC's removal statute with amending provisions titled "FDIC Removal Period Made Consistent with RTC Removal Period," 105 Stat. 2286).

[10] Our brief cited *Securities Industry Assoc. v. Bd. of Governors of the Fed. Res. Sys.*, 468 U.S. 137 (1984).  FDIC Br. at 13-14.

[11] *Id.* at 323-24 (stating that the court was addressing the FDIC's removal statute as it existed prior to 1989 and as amended in 1989—not as amended in 1991).

subject is *Gilmor v. Preferred Credit Corp.*, 2010 WL 1693034 (W.D. Mo. April 27, 2010) (not reported), a decision consistent with *Buczkowski*. There, a party filed a motion to bring the FDIC, as receiver for a failed bank, into a pending state court case. Before the state court ruled on its motion to make the FDIC a party the movant removed the case to federal district court. Echoing *Buczkowski*'s analysis, the district court refused to remand:[12]

> [T]he preceding discussion does not explain *how* a party to the litigation can substitute the FDIC for the failed bank; it just says they *can*. The mechanics are illuminated by statutes involving the Resolution Trust Corporation, which many courts have noted are similar to those involving the FDIC and should be looked to for guidance. *Casey v. FDIC*, 583 F.3d 586, 590-91 (8th Cir. 2009); *see also Buczkowski*, 415 F.3d 596-97. The RTC is "deemed substituted . . . upon the filing of a copy of the order appointing [it] as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(l)(3)(B). Any party can file the necessary material. *RTC v. Fragetti*, 49 F.3d 715, 717-18 (11th Cir. 1995).

## C.    North Savannah's Reliance Upon Fed. R. Civ. P. 25(c) Is Misplaced

North Savannah is correct that *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 781 (11th Cir. 2005) stands for the proposition that FDIC's removal rights are a question of federal law. Appellee Br. at 16. But North Savannah is wrong that the relevant rule is Fed. R. Civ. P. 25(c). Rule 25(c) addresses

---

[12]  *Gilmor,* 2010 WL 1693034 at *2 (emphasis in original).

substitution of parties where there has been a "transfer of interest." But, here, no interest has been transferred from one viable entity to another, as, for example, by assignment, sale of an asset, or a transfer of a party's interest in the litigation to another person or entity.[13] Here, a party has ceased to exist as a matter of federal law—"vanished in a puff of smoke" as the *Buczkowski* opinion puts it.[14]

Banks are not incorporated under the general incorporation laws of a state. Rather, a bank must obtain a bank charter from either the state or federal banking authorities. When a non-bank corporation goes into bankruptcy the corporation does not cease to exist. The corporation may emerge from bankruptcy or it may eventually be liquidated at which point the bankruptcy proceeding concludes. In either case, it remains a corporate entity while in bankruptcy. That is not the case when a bank is placed into receivership. At the moment of receivership, the institution literally ceases to exist.[15]

Because of the uniqueness of a bank charter, there is no Federal Rule of Civil Procedure that is directly applicable when an insured financial institution's

---

[13] *See, e.g., Virgo v. Riviera Beach Assocs., LTD*, 30 F.3d 1350, 1358 (11th Cir. 1994); *Learning Annex Holdings, LLC v. Rich Global, LLC*, 2011 WL 3423927 *1-2 (S.D.N.Y. 2011).

[14] 415 F.3d at 597.

[15] 12 U.S.C. § 1821(d)(2)(A)—(B).

charter is revoked and it is placed into FDIC receivership.  There is abundant case law, however, that supports the proposition that the federal rules are not to be woodenly construed but, instead, should be construed in such a way that achieves the goal of substantial justice.  In *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1074-75 (5th Cir. 1980), cited with approval in *Castleberry,*[16] the Fifth Circuit concluded that the federal rules should not be interpreted in a "hyper-technical" manner.  The court rejected the notion that the only way for the FDIC to become a party in a state court action was by being named a party with the state court taking some affirmative action in that regard.[17]  And in *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 426 (5th Cir. 2002), the Fifth Circuit held that where the FDIC is entitled to intervene as a matter of right its appearance in the case confers "instant subject matter jurisdiction" over a removed case without the need for any action by the court to make it a party.

Given the manner in which the federal rules are to be applied, perhaps the most analogous federal rule of civil procedure is not Rule 25(c)—as North Savannah advocates—but Rule 25(a)(1).  Rule 25(a)(1) addresses the death of a natural person.  Under the rule, once the court is notified of the death of a party, the deceased party must be dismissed within 90 days unless a motion for

---

[16]  408 F.3d at 783-84.

[17]  *Id*.

substitution is made.  This makes sense because judgment cannot be rendered against a non-existent party.

Although the rule obviously does not apply to insured depository institutions, the logic of the rule is apparent in this context.  Unlike the typical corporate bankruptcy proceeding where the corporation continues to exist, when a financial institution is closed and the FDIC is appointed its receiver the bank ceases to exist.  In December 2010, the FDIC notified the state court that Darby Bank had been closed and that the FDIC had been appointed its receiver.  No motion to substitute the FDIC as a party has been filed by the FDIC or anyone else. Were Darby Bank a natural person the case would have been dismissed at the end of March 2011 pursuant to Rule 25(a)(1).  Simply put, a state court cannot prevent the FDIC from becoming a party because the alternative is to either dismiss the dead bank from the litigation or litigate to judgment a case against a non-existent entity—a judgment that would be unenforceable against the FDIC as the bank's receiver.

## Conclusion

For all of the foregoing reasons, the decision of the District Court should be reversed and this case should be remanded with instructions to the court to withdraw the order of remand.

Respectfully submitted,

OF COUNSEL:

Glen M. Darbyshire
Ga. Bar. No. 205210
Kathleen Horne
Ga. Bar No. 367456
INGLESBY, FALLIGANT,
HORNE, COURINGTON &
CHISHOLM, P.C.
P.O. Box 1368
Savannah, GA  31401
(912) 232-7000

COLLEEN J. BOLES
Assistant General Counsel
LAWRENCE H. RICHMOND
Senior Counsel

/s/ Jerome A. Madden
JEROME A. MADDEN
3501 Fairfax Drive, VS-D7004
Arlington, VA  22226-3500
(703) 562-2010

*Counsel for the Federal Deposit
Insurance Corporation as Receiver
for Darby Bank & Trust Co.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

1.    This brief contains 3,561 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)B(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type styles requirements of Fed. R. App. P. 32(a)(6) because:

1.    This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Jerome A. Madden

_____

Jerome A. Madden
*Attorney for Appellant, Federal Insurance Deposit Corporation, as Receiver for Darby Bank & Trust Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September 2011 copies of the foregoing Brief of Appellant have been served by first-class United States Mail, postage prepaid and properly addressed, upon the following:

Brent J. Savage
Ashleigh R. Madison
Brent J. Savage, Jr.
Savage, Turner, Kraeuter,
Pinckney, Britt & Madison
304 East Bay Street
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140

Steven E. Scheer
Steven E. Scheer, PC
8 Liberty Street
P.O. Box 11047
Savannah, Georgia 31412

R. Clay Ratterree
Jason C. Pedigo
Ellis, Painter, Ratteree &
Adams LLP
Post Office Box 9946
Savannah, Georgia 31412
(912) 233-9700

  s/s Jerome A. Madden
Jerome A. Madden